UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| BILLY RAY BURROW, JR.,<br><br>　　Plaintiff,<br><br>　　v.<br><br>DAVE MEYERS,<br><br>　　Defendant. | CAUSE NO. 1:22-CV-442-HAB-SLC |

OPINION AND ORDER

Billy Ray Burrow, Jr., a prisoner without a lawyer, filed a complaint against Nurse Dave Meyers because Burrow is unhappy with the medical care he has received while a pre-trial detainee at the DeKalb County jail. ECF 3. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Burrow alleges that he arrived at the DeKalb County Jail in November 2021. During intake Burrow told jail staff that he suffers from asthma, pancreatitis, and gastroesophageal reflex disease ("GERD"). He indicated that he takes medication for these conditions. He also told Nurse Meyers that he had been throwing up for several

days because he was off his medication, and he provided Nurse Meyers with the name of his physician. He further indicated that he has been hospitalized for these conditions in the past.

While in intake, Burrow repeatedly told Nurse Meyers that he had been throwing up. In response, he was told that if he can talk, he will live. Burrow complained about this response to his needs; he was told to bond out, or that he should not have been arrested.

Burrow did not receive an inhaler for two months. When he did receive an inhaler, it was not the same medication that Burrow's physician had been prescribing for him. Nurse Meyers told Burrow to take the inhaler or he would be refusing care. Burrow told Nurse Meyers that he had reactions to the medication that he was provided. Nurse Meyers called him a crybaby and told him to stop being a bitch. Burrow filed a grievance, and Nurse Meyers apologized. Eventually Burrow received the correct inhaler.

At some point during his time at the jail, Burrow was hospitalized due to his persistent vomiting. He was put on omeprazole, but Nurse Meyers discontinued the medication in July of 2022. Burrow does not know why his medication was discontinued. Without the medication, Burrow continues to vomit.

Because Mr. Wharton is a pretrial detainee, his rights arise under the Fourteenth Amendment. *Miranda v. Cnty. of Lake*, 900 F.3d 335, 352 (7th Cir. 2018). "Pre-trial detainees cannot enjoy the full range of freedoms of unincarcerated persons." *Tucker v. Randall*, 948 F.2d 388, 390–91 (7th Cir. 1991) (citation omitted). Nevertheless, they are

2

entitled to adequate medical care. *Miranda*, 900 F.3d at 353-54. To establish a violation of the right to adequate medical care, a pretrial detainee must allege: "(1) there was an objectively serious medical need; (2) the defendant committed a volitional act concerning the [plaintiff's] medical need; (3) that act was objectively unreasonable under the circumstances in terms of responding to the [plaintiff's] medical need; and (4) the defendant act[ed] purposefully, knowingly, or perhaps even recklessly with respect to the risk of harm." *Gonzalez v. McHenry Cnty.*, 40 F.4th 824, 828 (7th Cir. 2022) (citation and internal quotation marks omitted). In determining whether a challenged action is objectively unreasonable, the court must consider the "totality of facts and circumstances." *Mays v. Dart*, 974 F.3d 810, 819 (7th Cir. 2020). "[N]egligent conduct does not offend the Due Process Clause," and it is not enough for the plaintiff "to show negligence or gross negligence." *Miranda*, 900 F.3d at 353-54. Giving Burrow the benefit of all reasonable inferences, his complaint states a claim against Nurse Meyers.

For these reasons, the court:

(1) GRANTS Billy Ray Burrow, Jr. leave to proceed against Nurse Dave Meyers in his individual capacity for compensatory and punitive damages for providing constitutionally inadequate medical care to Burrow, in violation of the Fourteenth Amendment;

(2) DISMISSES all other claims;

(3) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to

3

locate and serve process on) Nurse Dave Meyers at Quality Correctional Care, LLC, with a copy of this order and the complaint (ECF 3);

(5) ORDERS Quality Correctional Care, LLC, to provide the full name, date of birth, and last known home address of the defendant, if he does not waive service and it has such information; and

(6) ORDERS, under 42 U.S.C. § 1997e(g)(2), Nurse Dave Meyers to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on March 14, 2023.

    s/ Holly A. Brady
JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT